IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCUS WALSTON, <br> an individual, <br><br> Plaintiff, <br><br> v. <br><br> DKR INVESTMENTS L.L.C., <br> an Ohio Limited Liability Company, <br><br> Defendants. | Case No: |

**COMPLAINT**

Plaintiff, MARCUS WALSTON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues Defendant, DKR INVESTMENTS L.L.C., an Ohio Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MARCUS WALSTON, (hereinafter referred to as "MR. WALSTON") is a resident of the State of Delaware.

4. MR. WALSTON is a qualified individual with a disability under the ADA. In 1996, MR. WALSTON suffered severe injury to his spinal cord due to a traumatic accident. As a result, MR. WALSTON is a paraplegic and is paralyzed from the waist down.

1

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, DKR INVESTMENTS L.L.C., (hereinafter referred to as "DEFENDANT") is an Ohio Limited Liability Company registered to do business in the State of Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: 28606 Dupont Blvd, Millsboro, DE 19966 ("the Property"). This lawsuit is only intended to include the section of the overall property which houses the Wayback Burgers building and nearby parking areas which serve the restaurant. The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, which includes a fast-food restaurant known as Wayback Burgers, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. WALSTON enjoys the burgers served at Wayback Burgers and has eaten at the Property numerous times over the past two years. He last attempted to eat there in late August, 2025, while he was in the area.

11. However, during his attempted visits to the Defendant's Property, MR. WALSTON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. Despite this, MR. WALSTON intends to and will visit the Defendant's Property as a patron because he enjoys the food served there and because he frequently travels to the area. MR. WALSTON additionally intends to visit the Defendant's Property as a disability tester to determine whether the barriers to access described herein have been addressed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which Plaintiff personally observed and/or encountered at the Property:

    A. Plaintiff encountered two (2) parking spaces designated for disabled use near the front entrance of Wayback Burgers which were not accessible due to a lack of any signage to identify the spaces as exclusively for disabled use. Furthermore, none of the intended ADA spaces at the Property are marked or have larger dimensions to allow for van access usage. These issues made it difficult for Plaintiff to recognize the disabled use parking spaces, fails to discourage some able-bodied patrons from parking in those spaces and fails to provide for a safe transfer area into and out of a vehicle adapted for wheelchair use (which Plaintiff uses when he visits the Property).

    B. Plaintiff encountered the same two (2) parking spaces designated for disabled use near the front entrance of Wayback Burgers which were not accessible due to slopes in excess of 1:48 within the spaces and their shared access aisle. Due to this issue, Plaintiff could not safely utilize any of the ADA spaces at the Property due to the increased risk of a fall on the uneven pavement during his visits.

    C. Plaintiff encountered inaccessible routes leading from the intended ADA parking spaces to the Property sidewalk due to steep slopes and pavement in disrepair along the route leading to the Wayback Burgers sidewalk. Additionally, the sidewalk ramp leading from the corner of the building to the Wayback Burgers entry has running slopes over 1:12 and lacks any handrails or edge protection despite a steep drop-off on the outside edge of the ramp. Due to these issues, Plaintiff had to use extreme caution maneuvering from the vehicle throughout the sidewalk and to the restaurant entrance.

14. To date, these barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property because he enjoys the food served at Wayback Burgers, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated September 12, 2025.

            Respectfully Submitted,

         By: */s/ Courtney Prinski*
           Courtney Prinski (#5432)
           Jacobs & Crumplar, P.A.
           *Of Counsel*
           10 Corporate Circle, Suite 301
           New Castle, DE 19720
           Tel.: (302) 656-5445
           Fax: (302) 656-5875
           E-Mail: CourtneyP@jcdelaw.com

          -and-

Ku & Mussman, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976